## Hunt *vs* Scobie.

DEBT.

### ERROR TO THE BATH CIRCUIT.

*Case* 99.

*Juries. Injunction bond.*

JUDGE MARSHALL delivered the opinion of the Court.

*June* 10.

The case stated.

IT seems that this action of debt having, as heretofore required by law, been placed upon the docket for the first day of the term, was passed over on that day, upon an intimation that it was to be defended; and that although several times called up, the issues were not completed until after the regular or standing jury for the term had been discharged. The fourth plea of the defendant was in fact filed on the day after the jury was discharged, and the plaintiff having afterwards on the same day filed his replication tendering issue, the Sheriff was then ordered to summon a jury. The defendant objected to this order. But his objection was overruled, a jury summoned, and a trial had which resulted in a verdict for the plaintiff. The propriety of this proceeding is the principal question now presented. And as it does not appear in what manner the jury was summoned or made up, and there was no objection on this score, the question is whether upon the issue being made up, after the discharge of the regular

jury, the Court has any authority to try the case, or whether a continuance must be the necessary consequence. This question depends upon the construction of the system of laws adopted in 1836, and subsequently modified, by which the mode of summoning jurors is regulated. Upon looking into these laws, we are satisfied that there is nothing in them which authorizes the conclusion, that by the procrastination of the issue in any particular case until a late day of the term, either party should entitle himself to a continuance. But if the Court has no authority to summon a jury after the regular jury is discharged, it would follow, that if when the jury cases were disposed of, one remained in which the issue was not made up, the jury must be detained or adjourned indefinitely until the issue should be formed, or until it should be seen whether it would be formed at that term, or whether for any cause, the case would be continued; or else the mere failure to make up the issue until after the other jury cases were disposed of, would itself render a continuance necessary. It is, however, the evident policy of the law that the jurors who are to be paid for their daily attendance shall be retained no longer than is required by the business of the term, and it is the object of the law and the duty of the Court so to regulate the business as that the jury may be dispensed with as soon as is consistent with the due administration of justice. It would, therefore, be a defect in the system, if it did not provide for, or at least permit the summoning of a jury, whenever under special circumstances, it might be necessary for the trial of a case which should come up, or be made ready, after the general business requiring juries had been despatched.

Construing the statutes with a view to these considerations, and to the various exigences which must arise in the multifarious business of our Courts, we are of opinion not only, that the summoning of a jury for the trial of a particular case coming up after other jury cases have been disposed of, is not prohibited, but there are several provisions of the statutes which may and should be understood, as providing for such a proceeding. The 11th section of the act of 1836, the first on the subject pro-

*The Circuit Court has the power, in his discretion, to have juries summoned and empannelled to try causes after the discharge of the regular jury;*

vides, that the Court may as often as it deems necessary, direct so many bystanders to be summoned as jurors *pro hac vice* over and above the standing number of thirty, as may be required, &c., (3 *Stat. Laws*, 355.) The 5th section of the act of 1838, (3 *Stat. Laws*, 369,) enacts, that when more than one pannel of twenty four (then the standing number) shall be required at any term, (as contemplated by the 5th section of a previous act referred to) the Court shall, from time to time, require an additional pannel to be made out from the certificate of the commissioners, &c. And although the 5th section of the previous act, contemplates specially the supplying of a jury to attend at each successive week of the term, and to be summoned in the previous week, if the Judge should then be of opinion that the business of the Court will require a jury for the succeeding week, we think the 5th section of the last act above quoted should be understood as authorizing an additional pannel to be made out and summoned from time to time, as the business may require. And again, the 12th section of the last act (3 *Stat. Laws*, 371) enacts, "that in case, from challenges or absence, the pannel of regular jurors shall be exhausted, it shall be lawful for the Sheriff to supply the requisite number of jurors from qualified bystanders as heretofore." This section seems to provide all that is necessary to enable the Court to meet any emergency pertaining to the practice of summoning juries which may arise in the discreet conduct of the business of the term.

Neither of the sections referred to authorizes a wanton departure from the regular mode of summoning and selecting a jury, or an evasion of a trial by the regular jury of the term. But while the fifth section of the act provides for supplying, from time to time, a new pannel from the list of names furnished by the Commissioners, the twelfth section provides for a case in which the regular jurors have been exhausted by challenges, or in which none of them, or not enough to make a jury, being present, the occasion will not admit of the delay of making up from the regular list, a new pannel of jurors who might be at a distance.

—Though there should be no *wanton* departure from the regular mode contemplated by the statute, of summoning and selecting juries.

Since then, the statute authorizes the formation of a new jury from the regular list, or from the bystanders, as the exigencies of the case may require, and as the record does not show, and there can be no presumption, that the Court abused a sound discretion in discharging the regular jury before this case was ready for trial, or that its preparation was postponed on the part of the plaintiff, for the purpose of evading a trial by the regular jury, we are of opinion that the defendant's objection to the order for a jury was properly overruled ; and as the record does not show how the jury was made up, nor that any objection was made on that ground, no question is presented and none is decided in relation to that subject.

The obligors in an injunction bond are liable if the injunction be dissolved, tho' no damages or costs were adjudged against the principal.

It is only necessary to say further, that as the injunction, (for obtaining which the bond sued on was executed,) was dissolved and the bill dismissed, the obligors were bound by the express terms of the bond and condition to pay the judgment enjoined, although the complainant in the bill may have been so far justified in resorting to a Court of Equity, as that no damages were decreed against him upon the dissolution of the injunction, and he recovered his costs in the chancery suit.

Wherefore, the judgment is affirmed.

*Apperson* for plaintiff: *Peters and French* for defendant.